United States District Court
for the
Middle District of Pennsylvania

FILED
HARRISBURG, PA
APR 21 2015

ULLOA
  v.
Federal Bureau of Prisons

CIVIL ACTION NO. 3:15-CV-182

Reply and Notice of Default, and Objections

COMES NOW, Richard Enrique Ulloa who is in proper person [Informa Propia] and submits this Reply to the Federal Bureau of Prisons (FBOP's) Non-Response to Ulloa's 28 USC 2241 and Petition for immediate Release, due to Error in Law and NOT A 28 USC § 2255 as Respondent has misrepresented to this Court.

Respondent has failed to respond as ordered by this Court in its Show Cause Order, instead Respondent has misrepresented the facts in this entire process and has basically out right lied to this Court, by assuming and asserting to this Court that Ulloa had something to do with all the cases opened in the second district and second circuit.

A Non-Response to a Petition/Complaint requires a default judgement,

"Default Judgement may be entered based upon 1- Mistake

2-INADVERTANCE, 3-NEGLECT, 4-FRAUD and 5-NEW EVIDENCE DISCOVERED, IN RE. LOWER BUCKS HOSP 571 FAPPY 139 (CA3 2014) An Fed. R. Civ. P. 60(b)." RESPONDENT NEGLECTED TO RESPOND AND COMMITTED FRAUD BY STATING TO THIS COURT THAT ULLOA OPENED AND IS RESPONSIBLE FOR THE CASES OPENED IN NEW YORK STATE. SEE LAW OF AFFIDAVITS (3 AM JUR) 2nd SECT 20. [RESPONDENT DID NOT RESPOND TO PETITIONERS AFFIDAVITS POINT BY POINT.] THIS IS THE DEFINITION OF A DEFAULT JUDGEMENT.

RESPONDENT did not CONTEST PLEDING in COMPLAINT OR FILING. SEE RULE 55 And US V. TWEEL 550 F2d. 297 299-300, WHICH RULES "SILENCE IS FRAUD", WHERE THERE IS AN OBLIGATION OR MANDATE TO REPLY.

BY CHOOSING NOT TO REPLY, DEFENDENT WILL NOT BE ALLOWED TO BE HEARD TO DENY THIS CLAIM... TAYLOR V CITY OF BALLWIN 859 F2d. 1330 1333 (8TH CIR 1988)

NOTICE OF DEFAULT JUDGEMENT IS ISSUED UPON REPLY TO AN ORIGINAL FILING/COMPLAINT, NON CONTEST, NON COMPLIANCE OR CONTEMPT FOR THE LAW WHICH SUPPORT "WILLFUL DEFAULT" COMM BK OF KUWAIT 15 F3d. 238 249 (CA2 1993)

ENTRY OF JUDGEMENT IS done AGAINST, 'A DISOBEDIANT PARTY OF LAW', 'ABUSE OF DISCRETION', AND 'PROHIBITED ACTIONS', RULE 55.

Defendent has disobeyed the SHOW CAUSE ORDER by not responding to ULLOA's §2241 OR PETITION for immediate Release due to error in law. Defendent did not Address the supreme court decisions of BLACK, SKILLING, McNALLY but chose to ATTACK ULLOA, by misrepresenting facts without proof that "ULLOA opened all those cases in the second district and circuit. Since §1341 is a federal ban statue, Defendant must cure default. See BLACK at Justice Ginsberg opinion. For these Reasons petitioner requests habeas be GRANTED, and DEFAULT Judgment be entered. See memorandum of Law Default Judgments Anything Less is unconstitutional, use of statue definition by arbitary & discriminatory practice banned by the US supreme court.
NOW, to Reply and Address the FBOP'S Non-Response to ULLOA's Petition/Complaint and Affidavit

A) ULLOA submits two additional documents for the record and under oath that;
  1- A memorandum of Law and points of Authority on Default Judgments
  2- Notice of Objections in which ULLOA objects for the Record.

B) ULLOA has nevered submitted to this court or any other court a 28 USC §2255

C) ULLOA has never submitted any document to the

second district or second circuit of any kind, other than a motion to dismiss an appeal credited to ULLOA but never requested or opened by ULLOA.

D) ULLOA has never submitted a notice of appeal to the second circuit.

E) ULLOA has never approved, consented to any Document or petition CONSTRUED as a 28 USC §2255 (see CASTRO V. US Sct (2003) (Ruling a district court MUST seek permission from claimant to change doc title)).

F) The clerk of the third district has been the one and only one submitting documents, petitions, notices of appeal to the second district and second circuit WITHOUT ULLOA's consent or approval and sometimes knowlege.

## Questions Presented

Should this court deny the habeas petition because ULLOA's §2255 is proper and pending in the Northern district of New York?

Suggested Answer: Negative.

THIS IS NOT ULLOA'S §2255, ULLOA never consented, submitted or opened a §2255 in the Northern district of New York.

Should this court deny ULLOA the right to due process due to the fraudulent opening of cases/docket entries by the third district clerk in the second district and circuit without ULLOA's consent?

Suggested Answer: Negative.

ULLOA's due process rights, and his right to redress greviance should not be denied by the fact that the Clerk of the third District acted improperly by opening § 2255's, without consent (violation of Castro), by opening two appeals in the second Circuit without consent, which as a matter of fact have still not been cleaned up.

Should ULLOA be denied justice when other cases in this district/circuit have been reversed or vacated due to Skilling/Black/McNally decisions?

Suggested Answer: Negative

ULLOA deserves justice/due process just like the cases cited below;

1- US V. Panarella 2011 US Dist Lexis 84102
2- US V. Riley 621 F3d 312
3- US V. Gordon 483 Fed Appx 202

4 - US v. Thomas 315 F3d. 190
5 - US v. Fenton 309 F3d. 825
6 - US v. Murphy 323 F3d. 102
7 - US v. Antico 275 F3d. 245
8 - US v. Monstra 125 F3d. 183
9 - US v. Bertoli 40 F3d. 1384
10 - US v. Menon 24 F3d. 550
11 - US v. Henrey 29 F3d. 112
12 - US v. Pelullo 964 F2d. 193
13 - US v. Zauber 857 F2d. 137
14 - US v. Nelson 852 F2d. 706
15 - US v. Dwyer 855 F2d 144
16 - Kehr Packages v Fidelcor 326 F2d. 406
17 - US v. Olatunji 875 P2d. 1161
18 - Herkowitz v. Nutrisystem 857 F2d. 1179.

Should this court deny Ulloa justice under McNally, Skilling or Black. Where Black & Skilling ruled illegal use of 28 USC 1341, 1343, 1346 and other Fraud Laws?

Sugested Answer: Negative.

If Ulloa is denied justice under McNally, Skilling, and Black, it will deny due process to Ulloa.

## NOTICE OF OBJECTIONS

Comes now, Ulloa and submits this notice of objection

TO THE FBOP'S RESPONSE dated APRIL 7, 2015 TO ULLOA'S PETITION FOR IMMEDIATE RELEASE due to INCORRECT APPLICATION OF LAW UNDER TITLE 5 USC 706(2)(A), See (DOC. 1-2) AFFIDAVIT.

I OBJECT FOR THE RECORD THE RESPONDENTS ASSUMPTION THAT THIS PETITION IS A 28 USC §2255.

I OBJECT FOR THE RECORD THE RESPONDENTS ASSUMPTION THAT ON JULY 9, 2014 ULLOA FILED A MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE. ULLOA SUBMITTED NO SUCH MOTION.

I OBJECT NOW, AND OBJECTED BEFORE TO JUDGE MANION'S ASSUMPTION THAT MY PETITION ON JULY 9, 2014 WAS A 28 USC §2255. JUDGE MANION Acted IMPROPERLY by not allowing ULLOA to CONSENT to his PETITION TO BE CONSTRUED AND CONVERTED TO A 28 USC. §2255, IN VIOLATION OF CASTRO V. US 540 US 375 (2003) THE COURT DID NOT NOTIFY ME OF THE RENAMING OF MY WRIT, WHICH MAKES THE NY CASE 1:14-CV-828 INVALID, IMPROPER AND ILLEGAL, AND NOT SUBMITTED BY ULLOA.

I OBJECT FOR THE RECORD TO THE FACT THAT A NOTICE OF APPEAL ON JULY 28, 2014 WAS SENT TO THE NORTHERN DISTRICT OF NEW YORK, WITHOUT ULLOA'S CONSENT, ULLOA NEVER SENT A NOTICE OF APPEAL TO THE SECOND CIRCUIT OR DISTRICT OF NEW YORK, OR

Much less authorize the docking of such an appeal. This was done solely by the clerk of the Third district without ULLOA's consent.

I object for the record to the fact that cases; see (EXS) 14-2851 second circuit docket sheet in Respondents exhibit was opened WITHOUT consent by ULLOA.

I object for the record that any and all petitions, or construed 28 USC § 2255's were NOT filed, or opened by ULLOA and they have no bearing on this case, since ULLOA did not cause them or consented for them to be opened.

I object for the record the Question presented in Section III of the Respondents Response. Should this court deny the habeas petition because ULLOA's § 2255 is proper and pending in the Northern district of New York?
AGAIN, the Respondent is making a claim that is NOT True. ULLOA NEVER opened a § 2255 in the Northern district of New York. THIS § 2255 belongs to the clerk of the Third district, and as far as ULLOA is concerned he (ULLOA) has NEVER given the clerk of this court a power of attorney (POA) to open any case on ULLOA's behalf, much less issued any request, pleading, motion for the clerk

OF THE THIRD DISTRICT TO OPEN ANYTHING FOR ULLOA IN THE SECOND DISTRICT OR THE SECOND CIRCUIT.

I OBJECT FOR THE RECORD THAT ULLOA'S PETITION WAS FILED TWICE IN A CLOSED CASE (3:14-CV-1314) BY THE CLERK OF THE THIRD DISTRICT, CAUSING ALMOST ONE YEAR DELAY IN DUE PROCESS.

I OBJECT FOR THE RECORD JUDGE MANION'S ASSUMPTIONS THAT MY PETITION WAS A 28 USC §2255, AND HIS ORDER TO SEND TO THE NORTHERN DISTRICT WITHOUT MY CONSENT, IN VIOLATION OF CASTRO.

THIS PROCESS SERVED UPON YOU IS IN DIRECT CORRELATION WITH THE ADMINISTRATIVE PROCEDURES ACT FOUND IN TITLE 5 USC 706(2)(A) FOR ILLEGAL USE OF STATUTE LAW DONE BY ARBITRARY, PREJUDICIAL AND SELECTIVE MEANS OF APPLICATION, CONSTRUCTION AND INTERPRETATION OF LAW VIA PRIMA FACIA U.S. CODE. VIOLATING SKILLING, & BLACK 561 US SCT (2010) J. GINSBERG THIS SHALL BE SO CONSTRUED BY THIS PROCESS UNDER TITLE 5 AS A ADMINISTRATIVE LAW COMPLAINT AS SO FOUND IN TITLE IV, SECTION III OF THE US CONSTITUTION RATIFIED 1787. See 258 US 298.

DATED: 4/15/2015

RESPECTFULLY SUBMITTED

Richard ULLOA
PRO PER

## MEMORANDUM OF LAW AND POINTS OF AUTHORITY
### Default Judgments

Order denying Defendant's motion to reopen Default Judgment..[for]..failing to answer the action..'. Judge Hand, US v Karahalias 205 F2d 331 (CA2 1953)

In a Default Judgment, the error was procedural, not jurisdictional, because it did not prejudice the Defendant's rights. J Hand, US v Borchers 163 F2d 347 (CA2 1947)

According to the Default Judgment, no evidence was required to be presented, as such the Plaintiff is not required to prove its case by clear and unequivical evidence. Id at Borchers

Authorization for entry of Default Judgment by the clerk is found in NYCPA §485-487. J Clark, Fox v McGrath 152 F2d 616 (CA2)

The Default Judgment entered against the Plaintiff was proper. J LaCombe, Cox & Ward, Bornn Hat Co v US 215 F 709 (CA2 1914)

In a Default Judgment, Plaintiff was granted an injunction. Truat v Detweiler 46 F 117.

Default Judgment may be entered for abuse of discretion. Ahmad v IBM 553 FAppx 58.

Defendant did not show good cause for vacating the Default Judgment under Rule 55(c). J Katazmqan, Wesley & Lohier 553 FAppx 42 (CA2 2014)

Default Judgment is proper where [1] Court had jurisdiction, [2] Entry of Default did not violate due process rights warranting Rule 60 (b) action, [3] Addition of parties under settlement does not effect obligations of Defendant as he received all filings, notices and judgment. Schefner v Beraudiere 582 FAppx 9 (CA2 2014)

Rule 55(b) permits a court to conduct a hearing to determine damages, establish truth, and investigate. Hasking v New World Mortgage 570 FAppx 28 (CA2 2014)

Before granting damages on a Default Judgment, the court must ensure the Plaintiff has established an amount with reasonable certainty. Id at Hasking.

Rule 58(b)(1)(C) permits entering of judgment without the court's direction and allows entry by clerk by preparing and signing the judgment when the court denies all relief.

To vacate a Default Judgment on improper service, the defaulting party must bear the burden of proof to establish service did not occur. 529 FAppx 85 (CA2 2013)

Judgment by Default may be entered any day after 15 days subsequent to service of process. J Ewing, Overholdt & Co v German-American Ins Co 155 F 488 (CA3 1907)

Default Judgment may be entered based upon [1] Mistake, [2] Inadvertence, [3] Neglect, [4] Fraud and [5] New discovered evidence. In Re Lower Bucks Hosp 571 FAppx 139 (CA3 2014) and Fed.R.Civ.P. 60[b]

A Default Judgmet is like any other judgment, & is conclusive between the parties as to the cause of action which the underlying judgment is based. In Re Roloff 598 F2d 783 (CA3 1979) It limits relief only to the matter defaulted in the original instrument. Girard Trust Co v McGeorge 128 NJ Eq 91 101, 15 A2d 206(Ch 1940) and to the issues pleaded. Phillips v Phillips 118 NJ Eq 189 192, 178 A2d 265(Ch 1935)

A Default Judgment is a matter of course where the Defendant fails to answer, abide by the civil rules of procedure and support his conclusion of fact cite. J:Goodrich,Klapprott v US 166 F2d 273 (CA3 1947)(also ruling that government had a chance to file a counter proof of claim before entry of Default Judgment taken)

The prior action is null and void upon entry of a Default Judgment as party did not appear or contest pleading in complaint/initial filing. Rule 55

By choosing not to reply, Defendant will not be allowed to be heard to deny this claim; nor will Defendant be allowed to file a counterclaim for set-off.
Taylor v City of Ballwin 859 F2d 1330 1333 n7 (8th Cir 1988), and,
When a Defendant has defaulted for failure to file a pleading, the default applies to whatever the party should have pleaded. Carteret Sav & Loan v Jackson 812 F2d 36 38 (1st Cir 1987) quoted in Greyhound 973 F2d (CA2 1992)

A notice to Defendant to release documents satifies as a Turnover Order.
Walters v Indus & Comm Bk of China 651 F3d 280 (CA2 2010)

Notice of Default Judgment is issued upon nonreply to an original filing/complaint, noncontest, noncompliance or contempt for the law which support 'willful default'.
Comm Bk of Kuwait 15 F3d 238 249 (CA2 1993)(also ruling 'influence of willful default justified' where notice was served and nonreply received).

A Default Judgment is entitled to the full faith and credit of the state where entered.
Harvey v Fresquez 479 FAppx 360 (CA2 2012)

Rule 12(a) time bars and estops the Defendant where 20 days has past since Plaintiff's original complaint/notice/declaration or proclamation was filed.

Any court is entitled to enforce compliance of Default Judgment in the Rules of Civil Procedure by 'various means'. Meehan v Show 652 F2d 274 (CA2 1981)

'We have long concluded that a judgment by default is res judicata and quite as conclusive as one rendered on a verdict after litigation insofar as a defaulting Defendant is concerned.' Schuldiner v Kmart 284 FAppx 918 (CA3 2008)

Entry of Default Judgment is done against a 'disobedient party of law', 'abuse of discretion', and 'prohibited actions'. Rule 55

Rule 37(b) allows entry of Default Judgment imposing sanctions after offending party has refused or failed to comply with a legal requirement to answer.
Talbert v Kelly 799 F2d 62 (CA3 1986)

# Certificate of Service

The undersigned certifies that a true and correct copy of the Reply for case # 3:15-CV-182 has been sent by US Mail to the following, with copy to the Clerk of the USDC of the Middle district of Pennsylvania.

Addressee:
Michael Butler
US Attorney
228 Walnut St.
PO Box 11754
Harrisburg, PA 17108.

Dated: 4/15/2015

Richard Ulloa
Pro Per

ULLOA, RICHARD G
INMATE NAME/NUMBER 17902-053
FEDERAL CORRECTION COMPLEX-ALLENWOOD Low
P.O. BOX 1000
WHITE DEER, PA 17887
Low Security Correctional Institution
Allenwood, PA 17887

Date 4-16-15

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the enclosure to the above address

SPECIAL MAIL

RECEIVED
HARRISBURG, PA
APR 21 2015

17902-052
Middle-Dis Clerk
USDC OF Eastern PA
228 Walnut
USDC OF Pennsylvannia
Harrisburg, PA 17108-9998
United States